# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACQUELINE L. DUMPSON,<br>Appellant, | DOCKET NUMBER<br>PH-0752-13-5957-I-1 |
| v. | |
| SOCIAL SECURITY<br>ADMINISTRATION,<br>Agency. | DATE: November 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jacqueline L. Dumpson, Philadelphia, Pennsylvania, pro se.

Rafael Melendez, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed her 30-day suspension. For the reasons set forth below, the appellant's

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

¶2      In September 2013, the appellant appealed her 30-day suspension for conduct unbecoming a federal employee. Initial Appeal File (IAF), Tab 1. After holding a hearing, the administrative judge affirmed the suspension in an April 30, 2014 initial decision. IAF, Tab 38, Initial Decision (ID). On June 2, 2014, the appellant submitted a pleading that included a single sheet of paper with a compact disc. Petition for Review (PFR) File, Tab 1. The Board rejected the pleading as incorrectly formatted and informed the appellant that she could file a perfected petition for review on or before June 20, 2014. *Id.* The appellant submitted her perfected petition for review on August 21, 2014. PFR File, Tab 2. The agency responded in opposition. PFR File, Tab 4. Subsequently, the appellant filed a motion to waive the time limit for filing her petition for review. PFR File, Tab 5.

¶3      Absent good cause for delay, a petition for review must be filed within 35 days after the issuance of the initial decision or within 30 days after the date the appellant received the initial decision if the appellant shows that the initial decision was received more than 5 days after the date of issuance. 5 C.F.R. § 1201.114(e). The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. *Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶ 4 (2008). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.*

¶4      First, we find that the appellant's June 2, 2014 pleading was properly rejected. On June 2, 2014, the appellant submitted a pleading that included a compact disc. PFR File, Tab 1. The regulations provide that pleadings and attachments must be filed on 8½ by 11-inch paper, except for good cause shown. 5 C.F.R. § 1201.26(c). The regulations further provide that the Clerk of

the Board may reject materials submitted for filing that do not substantially conform to procedural requirements by issuing a rejection letter advising the parties of the nature of the nonconformity and the requirements and deadline for resubmission. 5 C.F.R. § 1201.114(*l*). The appellant was notified of the proper format for Board pleadings in the administrative judge's acknowledgment order. IAF, Tab 2 at 4. She was later notified in the initial decision of the specific format requirements for filing a petition for review. ID at 15-17. The appellant has not submitted evidence or argument regarding her justification for the improper format of her pleading other than to state that she was unfamiliar with Board procedures. PFR File, Tab 2 at 2. We find that the appellant was notified of the format requirements and that her argument concerning lack of knowledge of Board procedures is thus not persuasive.

¶5        Next, because we find that the June 2, 2014 pleading was properly rejected, we consider the appellant's August 21, 2014 pleading as an untimely filed petition for review. The deadline for submitting a timely petition for review was June 4, 2014, because this is 35 days after the issuance of the initial decision on April 30, 2014. 5 C.F.R. § 1201.114(e). However, the Board gave the appellant an extension until June 20, 2014, to file a perfected petition for review. PFR File, Tab 1. The appellant did not file her petition until August 21, 2014. PFR File, Tab 2. The petition is therefore untimely filed by more than 2 months.

¶6        Lastly, we find that the appellant has not shown good cause for her untimely filing. The lengthy nature of the delay in filing weighs against a finding of good cause in this case. *See Alvarado v. Defense Commissary Agency*, 88 M.S.P.R. 46, ¶¶ 4-5 (2001) (finding the appellant had not shown good cause for "significant" filing delay of almost 2 months). Additionally, although the appellant asserts that she is unfamiliar with Board procedures, PFR File, Tab 5 at 2, this asserted lack of knowledge, without more, is not sufficient to establish good cause for the untimely filing, *Franklin v. Department of Health & Human*

*Services*, [48 M.S.P.R. 133](#), 135 (1991) (the appellant did not establish good cause for an untimely petition for review based on an assertion that she lacked knowledge of Board procedures, in the absence of an allegation that she contacted or attempted to contact the Board for further information, and where notice stated that she had 15 days in which to refile a corrected petition for review).

¶7        An appellant may, however, establish good cause for a delay in filing based upon illness.  *Braxton v. Department of the Treasury*, [119 M.S.P.R. 157](#), ¶ 7 (2013).  Here, the appellant argues generally that she experienced stress and health issues.  PFR File, Tab 5 at 2.  She also submits supporting medical records. *Id*. at 6-28.  To establish good cause based upon illness, the party must identify the time period during which she suffered from the illness, support her allegation with corroborating medical or other evidence, and explain how the illness prevented her from timely filing her petition or requesting an extension of time. *Sanders v. Department of the Treasury*, [88 M.S.P.R. 370](#), ¶ 7 (2001).  Although the appellant has submitted evidence and argument concerning her medical condition, they do not demonstrate how her medical condition prevented her from timely filing a petition for review.  In particular, we note that the appellant has failed to explain why she was able to submit the June 2, 2014 pleading but was unable to comply with the subsequent June 20, 2014 deadline.  We therefore find that she has failed to establish good cause based upon illness.

¶8        Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the 30-day suspension.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.